**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| GEORGE E. HARDEN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CASE No. 5:12-CV-255-MTT-MSH |
| | : | 42 U.S.C. § 1983 |
| | : | |
| JOHN AND OR JANE DOES, *et. al.*, | : | |
| | : | |
| Defendants. | : | |

_____

**ORDER TO RECAST**

Plaintiff George E. Harden, a prisoner at Baldwin State Prison, in Hardwick, Georgia, has filed a "motion" advising the Court of his intent to initiate a *pro se* civil rights action under 42 U.S.C. § 1983. If Plaintiff wishes to pursue this lawsuit, he must present his claims on a standard 42 U.S.C. § 1983 complaint form. Plaintiff is thus **ORDERED** to complete and file a 42 U.S.C. §1983 complaint form with the Clerk of Court.

To facilitate Plaintiff's compliance with this Order, the Clerk shall forward a standard 42 U.S.C. § 1983 complaint form to Plaintiff together with a copy of this Order. Plaintiff must then complete and file his complaint with the Court within **TWENTY-ONE (21) DAYS** of the date shown on this Order. The returned form must show this case number: **5:12-CV-0255-MTT-MSH**. Plaintiff's complaint will be considered in place of and substituted for his present pleading. Failure to comply with this Order will result in the dismissal of this action.

Plaintiff's complaint must clearly inform the Court which claim or related claims he

wishes to pursue in this action. It must also contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must then list each defendant again in the body of his complaint and tell the Court exactly how that individual violated his constitutional rights. Plaintiff should state his claims as simply as possible. If, in his complaint, Plaintiff fails to link a named defendant to a claim, the claim will be dismissed. If Plaintiff makes no allegations against a defendant, that defendant will be dismissed.

In light of his present allegations, Plaintiff should know that non-lawyer, *pro se* inmates are not generally permitted to pursue claims in federal court on behalf of their fellow inmates. *See, e.g., Massimo v. Henderson*, 468 F.2d 1209 (5th Cir. 1972). Given his incarceration, indigent status, and lack of legal training, it is unlikely that Plaintiff could "fairly and adequately protect the interests of the class." *See* Fed. R. Civ. P. 23. Also, "[a]s a general matter, fictitious party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (quoting *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992)). Plaintiff must "provide an adequate description of [each defendant] . . . sufficient to identify the person involved so that process can be served." *Dean*, 951 F.2d at 1216 (cite omitted).

Plaintiff is further advised that his request for counsel is premature. Generally speaking, no right to counsel exists in civil rights actions. *See Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). It is a

privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). At this early stage, the Court cannot properly evaluate Plaintiff's need for counsel. Plaintiff's request for appointment of counsel is thus **DENIED.** If, however, it becomes apparent later in the proceedings that counsel should be appointed in this case, the Court will entertain a renewed motion for counsel. *See Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987).

Plaintiff shall keep the Court advised of his current address at all times. Failure to promptly advise the Court of any change of address may result in the dismissal of this action. There will be no service of process in this case until further order.

SO ORDERED, this 9th day of July, 2012.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE
